6:14-cv-00385-JAR   Document 1   Filed in ED/OK on 09/08/14   Page 1 of 12

FILED
SEP - 8 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Joseph Womble, Plaintiff(s)
(Full Name)

v.

Jerry Chrisman, Warden, Defendant(s)
Tommy Sharp, Deputy Warden, et. al.

Case No. CIV 14-385 JHP
(To be supplied by the Clerk)

**COMPLAINT**

A.  **PARTIES**

1) Joseph Womble, is a citizen of Oklahoma
   (Plaintiff)                              (State)

   who presently resides at Mack Alford Correctional Center
   (mailing address, if different from residence)
   P.O. Box 220 Stringtown, OK

2) Defendant Jerry Chrisman is a citizen of
   (Name of first defendant)
   Stringtown, OK, and is employed
   (City, State)
   as Warden of Mack Alford Correctional Center.
   (Position and title, if any)

3) Defendant Tommy Sharp is a citizen of
   (Name of second defendant)
   Stringtown, OK, and is employed
   (City, State)
   as Deputy Warden, Mack Alford Correctional Center.
   (Position and title, if any)

[You may attach additional pages (8½" x 11") to furnish the above information for additional defendants.]

1

(05/05)

Parties Continued: Additional Defendants
___

4) Defendant Donna Vitoski is a citizen of Stringtown, OK and is employed as Food Service Manager Mack Alford Correctional Center

5) Defendant David Parker is a citizen of Oklahoma City, OK and is employed as Deputy Director of the Department of Corrections

6) Defendant Robert Patton is a citizen of Oklahoma City, OK and is employed as director of the Oklahoma Department of Corrections

7) ~~Each~~ Mary Fallin is a citizen of Oklahoma City, OK and is employed as Governor of the State of Oklahoma

8) Each Defendant is sued individually and in his [or her] official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

**B.   JURISDICTION**

1)   Jurisdiction is asserted pursuant to
     42 U.S.C. 1983

**C.   NATURE OF CASE**

1)   Briefly state the background of your case. This cause arises due to the extreme overcrowding at the Mack Alford Correctional Center. Plaintiff's rights have been violated because of the overcrowding.

**D.   CAUSE OF ACTION**

I allege the following:

1: Plaintiff's right to adequate nutrition has been violated by Defendants Vitoski, Sharp, Chrisman, Parker, and Patton.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
The food served at M.A.C.C. is not adequate. Defendant Vitoski serves small portions of food, food that is (see additional page).

2: Defendants Sharp, Chrisman, Parker, and Patton have approved the placement of extra inmates in facility without a proper screening of inmates.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
The Defendants place inmates in pods without a proper classification procedure. This subjects inmates to (see additional page)

3: Defendants Fallin, Patton, and Parker are not following proper parole and discharge procedures which are causing inmates who are eligible for parole or discharge to remain incarcerated.

Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)
Many inmates continue to be incarcerated when they are eligible for parole or discharge (see additional page)

*[If necessary, you may attach additional pages (8½" x 11") to explain any allegation or to list additional*

2

(05/05)

*supporting facts in the same format as above.]*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief: A declaration that the acts and omissions described herin violated plaintiff's rights under the Constitution and laws of the United States (See additional page)

Current Address: P.O. Box 220
Stringtown, OK 74569

Telephone: _____

Original Signature of Plaintiff

Joseph Womble

3

(05/05)

Continuation of Supporting Facts Count One.

[Food that is often] undercooked, contaminated with cockroaches or flies, and handled improperly. In addition, with the addition of extra inmates at the Mack Alford Correctional Center, the defendants chose to ration food and reduce portions rather than increase the food budget. This results in meals where food portions are extremely small. Plaintiff is on a special diet, but this diet is not served properly due to budget constraints. Plaintiff has lost 17 pounds since the addition of extra inmates in May of 2014, and a concious decision was made be defendants Vistoski, Sharp, and Chrisman not to increase the food budget. This decision was made in June of 2014. The Department maintains a Master Menu, which if served, would be nutritionally adequate. Deputy Director Parker has ordered this facility to comply with the Master Menu. However, they have not, and both the deputy director are aware of the non compliance as evidenced by walkthroughs in June and July of 2014. (Walkthroughs are visits to the facility by Oklahoma City Personnell.)

Continuation of Count Two Supporting Facts

---

[This subjects inmates to] being housed in dormitories with mentally ill and physically ill inmates. The average screening time at Lexington Assesment and Refferal Center (LARC) has dropped to aproximately six days. This results in inmates who have not been properly screened for illnesses being placed in a dormitory at the Mack Alford Correctional Center. The Plaintiff in this case has already gotten sick numerous times due to being exposed to diseases which are impossible to contain in a dormitory situation. There is no infirmery at the Mack Alford Correctional Center, so inmates are seen on a sick call basis system, then sent back to their dorm (dayroom or library) still sick with potentially life-threatening illnesses. Plaintiff is diagnosed with a severe mental illness, and his condition is deteriorating due to being housed with other mentally ill and physically ill inmates, who have not been properly screened by medical or psychiatric services. The Defendants, specifically Patton and Parker approve policies which allow this inadequate classification system. Defendants Sharp and Chrisman have a final approval of all classification decisions at the Mack Alford Correctional Center.

## Continuation of Count 3 Supporting facts

Mary Fallin is a part of the parole process for violent inmates. Many inmates who are eligible for parole are denied by her thus making the overcrowding worse.

Director Patton and deputy director Parker while not directly involved in the Parole Process, have ordered that inmates who are eligible for release by the return of good days. However, this is not being done on a large scale. Patton and Parker are aware of this, however they refuse to order Case Managers and Unit Managers at the facility level to clear backlogs of inmates awaiting release. The Plaintiff is effected by this because inmates who are eligible for release, including those illegally sentenced, are being held in limbo adding to the problem of space, access to adequate food, and a crumbling physical plant.

Count IV: The facilities at Mack Alford Correctional Center are overburdend. This is leading to an unhealthy physical plant.

Supporting Facts:
The recent influx of inmates has caused the physical plant, especially the pods to deteriorate. The showers are often flooded, with bugs coming out of the drain and mold on the walls. There are not enough showers for the inmates. The extra inmates on each pod must share bathrooms often overwhelming the bathrooms and causing a bathroom to be "out of order". Overflowing toilets often cause urine and feces to flow on on the floor. Defendants Sharp and Chrisman know about these problems, but ignore them. When Director Patton and Parker were walked through in July and August, they were made aware of the situation, they have seen the pods, however they too have done nothing. Plaintiff often suffers physical pain while waiting on a restroom, and has been exposed to other inmate's feces and urine in bathrooms and shower.

## E. Request For Relief Continued

A Preliminary and Permanent Injunction ordering Defendants Patton, Parker, Fallin, to depopulate the system using available means.

A Preliminary and Permanent Injunction ordering Defendants Chrisman, Sharp, Visotski to serve Master Menu per DOC policy in a clean, healthy manner

A preliminary and Permanent Injunction ordering Defendants Sharp and Chrisman to fix all maitinence problems at Mack Alford Correctional Center

Compensatory damages against each defendant jointly and severally

Punitive damages against each defendant

A jury trial on all issues triable by jury

Plaintiff's costs in this suit

Any additional relief this court deems just

In addition, Plaintiff requests that this action be declared a class action pursuant to Rule 23.

Eastern District Court
Destination

42 U.S.C. 1983 Complaint
Document this Verification is attached to.

STATE OF OKLAHOMA   )
                    ) SS
COUNTY OF ATOKA     )

## VERIFICATION

I, Joseph Womble, do attest and affirm that I am the Plaintiff/Petitioner in the document/pleading to which this instrument is attached, that I have read the same, and swear under penalty of perjury that all information and assertions therein are true and correct to the best of my knowledge, belief, and memory.

_Joseph Womble_
Affiant.
Print Name: Joseph Womble
ODOC No.: 468506
Mack Alfred Correctional Facility
PO Box 220
Stringtown, OK 74569

SUBSCRIBED AND SWORN TO before me on this 4th day of September, 2014.

_Dianna Eldridge_
Notary.

My Commission Expires: Aug. 25, 2015

Commission Number: 11007778

STATE OF OKLAHOMA )
)SS
COUNTY OF ATOKA )

## SWORN AFFIDAVIT

I, Joseph Womble, do attest and affirm, and hereby depose and state t that on this 4th day of September, 2014 that the following is true and correct to the best of my knowledge and belief, to wit:

I have attempted to file a grievance with Warden Chrisman about this issue in this complaint. This was filed on August 7th. I also filed a complaint with the ARA. Both complaints are unanswered. The Department of Corrections has continually refused to answer my complaint. I have followed the entire grievance process, ~~[scratched out]~~

FURTHER AFFIANT SAYETH NOT.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on this 4th day of September, 2014.

Dianna Eldridge
Notary

My Commission Expires: Aug. 25, 2015

Commission Number: 11007778

## CERTIFICATE OF MAILING

I, __Joseph Womble__, certify that on this day I caused the forgoing document, __42 U.S.C. 1983 Complaint__, to be mailed to the following, via first class U.S. Mail, postage prepaid, by delivering the same to the prison's legal mail services:

**Court**
United States Eastern District Court

**Opposing Party**

On this the __4th__ day of __September__, 20__14__.

Print Name: _____
ODOC No.: _____
Housing Assignment: _____
Mack Alford Correctional Center
PO Box 220
Stringtown, OK 74569