# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSEPH Z. WOMBLE, )
)
        Plaintiff, )
)
v. ) No. CIV 14-385-JHP-SPS
)
JERRY CHRISMAN, et al., )
)
        Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Mary Fallin, Robert Patton, and David Parker's motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint (Docket No. 1), the defendants' motion (Docket No. 24), and plaintiff's response to the motion (Docket No. 28).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are MACC Warden Jerry Chrisman, MACC Deputy Warden Tommy Sharp, MACC Food Service Manager Donna Vitoski, DOC Deputy Director David Parker, DOC Director Robert Patton, and Oklahoma Governor Mary Fallin.[1]

Plaintiff alleges this action arises from the extreme overcrowding at MACC. He claims in Count 1 of the complaint that the small portions of food served at that facility are inadequate, and the food often is undercooked, contaminated with cockroaches or flies, and

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

handled improperly. With the addition of extra inmates, the defendants allegedly chose to ration food and reduce portions instead of increasing the food budget. Plaintiff claims his special diet is not properly served, and he has lost 17 pounds since additional inmates were added in May 2014. According to plaintiff, Defendants Vitoski, Sharp, and Chrisman made a decision in June 2014 not to increase the food budget. He further asserts that if the DOC Master Menu were served, it would be nutritionally adequate, and Defendant Deputy Director Parker had ordered MACC to comply with it. This directive allegedly was not followed, and Parker was made aware of the noncompliance when he made walkthroughs of the facility in June and July of 2014.

Plaintiff claims in Count 2 that Defendants Sharp, Chrisman, Parker, and Patton have approved the placement of extra inmates in a facility without properly screening the inmates. The average screening time at Lexington Assessment and Referral Center allegedly has dropped to approximately six days. Plaintiff asserts this subjects MACC inmates to being housed in dormitories with mentally and physically ill inmates.

Plaintiff alleges he become ill many times from being exposed to diseases that are impossible to contain in a dormitory. There is no infirmary at MACC, so inmates are seen through a sick call system and returned to the dormitory, day room, or library. Plaintiff claims he has been diagnosed with a severe mental illness, and his condition is deteriorating from being housed with other mentally and physically ill inmates who have not been properly screened by medical or psychiatric services. Defendants Patton and Parker allegedly approve policies allowing this inadequate classification system, and Defendants Sharp and Chrisman have final approval of all classification decisions at MACC.

In Count 3 plaintiff asserts Defendants Fallin, Patton, and Parker are not following proper parole and discharge procedures, resulting in inmates who are eligible for parole or discharge to remain incarcerated. He claims Governor Fallin is part of the parole process for violent inmates, but she denies parole to many eligible inmates, making the overcrowding worse. Director Patton and Deputy Director Parker, while not directly involved in the parole

process, allegedly have ordered the return of credits to inmates who are eligible for release. However, this has not been done on a large scale. Patton and Parker also allegedly have refused to order facility case managers and unit managers to clear backlogs of inmates awaiting release. Plaintiff claims he is affected by this problem, because the failure to release eligible inmates adds to the problems of space, access to adequate food, and a crumbling physical plant.

Finally, plaintiff claims the MACC facility is overburdened, leading to an unhealthy physical plant, especially in the deteriorating pods. The showers often are flooded, with bugs coming out the drain and mold on the walls. There are not enough showers for the inmates, and the extra inmates on each pod must share bathrooms, often overwhelming the bathrooms and causing a bathroom to be out of order. Overflowing toilets frequently cause urine and feces to flow on the floor. Defendants Sharp and Chrisman allegedly are aware of these problems, but ignore them. When Defendants Patton and Parker walked through the facility in July and August, they were made aware of the situation but did nothing to remedy it. Plaintiff asserts he often suffers physical pain while waiting on a restroom, and he has been exposed to other inmates' urine and feces in bathrooms and showers.

Defendants Fallin, Patton, and Parker have filed a motion to dismiss or for summary judgment alleging, among other things, that plaintiff has failed to affirmatively link them to any constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The court finds plaintiff's claims against these three defendants consists of conclusory allegations based on their supervisory positions. He asserts Patton and Parker approved the policies and procedures at issue and were aware of the alleged non-compliance. Plaintiff's

3

claims against Fallin also are conclusory allegations that she, Patton, and Parker do not follow proper parole and discharge procedures.  Further, plaintiff has not explained how the alleged parole and discharge decisions violate his constitutional rights.

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff.  *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012).  A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), and *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)).  After careful review, the court finds plaintiff's claims against Defendants Mary Fallin, Robert Patton, and David Parker must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**ACCORDINGLY,** Defendants Mary Fallin, Robert Patton, and David Parker's motion to dismiss (Docket No. 24) is GRANTED.

**IT IS SO ORDERED** this 29th day of September 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma