# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH Z. WOMBLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 14-385-JHP-SPS |
| JERRY CHRISMAN, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the court on Defendants Tommy Sharp and Jerry Chrisman's motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint (Docket No. 50), the defendants' motion (Docket No. 73), and plaintiff's response to the motion (Docket No. 75). After receiving the defendants' motion, plaintiff filed a motion to supplement (Docket No. 77). No response was filed to said motion.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), is currently incarcerated at the Lawton Correctional Center (LCC). Plaintiff asserts claims under 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration while he was housed at the Mack Alford Correctional Center (MACC). Plaintiff alleges this action arises from the extreme overcrowding at MACC. He claims in Count 1 of the complaint that Defendants Sharp and Chrisman, acting as Deputy Warden and Warden, respectively, directed rationing of his food starting in May of 2014 and that

Chrisman ordered funds be diverted from the food budget to a security budget due to the overcrowding. Plaintiff further alleges he informed Sharp and Chrisman that he was getting sick from the food "because of the rationed food portions, and the spoiled nature of the food and the infestation of cockroaches in the kitchen." Docket No. 50, at p. 6, ¶ 10.

In Count 2 plaintiff asserts Defendants Sharp and Chrisman have approved the placement of extra inmates in the Alpha South dayroom at MACC without properly screening the inmates.[1] Plaintiff claims he was exposed to communicable disease while housed in this dayroom and that he has frequently been sick as a result of the overcrowded conditions. Further, plaintiff states he was forced to be housed in dormitories with mentally and physically ill inmates causing him physical and emotional injuries.

In count 3 plaintiff alleges maintenance problems were not timely fixed from May of 2014 until August of 2015 and Defendants Sharp and Chrisman refused to order non-working showers to be fixed. Plaintiff claims the bottom shower on A-South flooded in August of 2015 causing him unspecified injuries. Finally, plaintiff claims, due to the overcrowding, there was not enough toilets causing him "stomach damage, severe emotional damage in the form of embarassment (sic) and anxiety" (*id*., at p. 8, ¶ 2) and that he was somehow exposed to feces. Originally, plaintiff was seeking damages, declaratory, and injunctive relief. In his response, however, plaintiff advises "he is no longer moving for injunctive relief, but for damages only" (Docket No. 75, at p. 1).

---

[1]Plaintiff states while Defendants Sharp and Chrisman were responsible, from May of 2014 until June of 2014, for the screening of new inmates at MACC, they did not screen any inmates prior to housing them on A-South.

Defendants request dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. § 1997e(a). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). Conclusory allegations without supporting facts are insufficient to state a claim upon which relief can be granted. *Hall v. Bellmon*, *supra*.

Plaintiff has sued Defendants Sharp and Chrisman in both their official and individual capacities. A suit against a state official in his official capacity, however, is no different than a suit against the State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Neither a State nor its officials acting in their official capacities are "persons" under §1983. *Id*. Moreover, claims against state officials, such as Defendants Sharp and Chrisman, in their official capacity constitutes a suit for monetary damages against the sate and are barred by sovereign immunity. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (2006). As a result, plaintiff's amended complaint fails to state a cause of action against Defendants Sharp and Chrisman in their official capacity. Therefore, these claims are dismissed.

In order to state a claim against Defendants Sharp and Chrisman in their individual capacities, plaintiff must allege sufficient facts to establish that they personally participated in the alleged violation of plaintiff's constitutional rights. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63(10th Cir. 1976)(citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). In

4

order to establish liability under § 1983, plaintiff must plead facts which show "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). A prison official will not be held liable under § 1983 solely based upon his supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).

In regard to plaintiff's individual claims against Defendants Sharp and Chrisman, an inmate may bring a § 1983 claim regarding his conditions of confinement against individuals when he can show "deliberate indifference" to attend to his basic food, clothing, shelter and medical care needs. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *See also*, *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). A prison official violates the Eighth Amendment, however, only when two requirements are met. *Farmer*, *supra*. First, the deprivation alleged must be "'sufficiently serious' [in that] the ... official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The second subjective prong requires a plaintiff show that the prison official had a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Specifically, to satisfy the subjective prong, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then

5

disregarded the risk." *Comstock v. McCrary,* 273 F.3rd 693, 703 (6th Cir.2001).

None of the facts alleged by plaintiff establishes that Defendants Sharp and Chrisman were "deliberately indifferent" to plaintiff's personal safety. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

Additionally, plaintiff has not shown that Defendants Sharp and Chrisman were personally responsible for the decisions which led to the alleged overcrowding at the prison facility or the decisions regarding the amount of funding which was allocated to the facility. While plaintiff alleges the defendants "ordered" food to be rationed thereby causing spoiled food and small portions of food to be served, plaintiff offers nothing to support these conclusory allegations. Plaintiff offers no facts to connect the conditions at the facility with his alleged illness/injuries. Plaintiff simply fails to allege anything more than negligence in regard to the timeliness of repairs at the facility and/or the screening of inmates.

Following the filing of defendants' motion to dismiss, plaintiff filed a motion to supplement his original pleading (Docket No. 77). Nothing contained within that pleading contains sufficient factual allegations to save plaintiff's amended complaint from dismissal for failure to state a claim. Rather, the motion indicates some of the policies which plaintiff claims these defendants were responsible for instituting remained the policies long after the defendants left the facility. Clearly, these defendants were not personally responsible for the number of inmates which were sent by DOC officials to MACC. Nothing contained in plaintiff's amended complaint or his supplemental motion establish that Defendants Sharp

or Chrisman were aware of any connections between plaintiff's alleged illnesses/injuries and the conditions of the facility. After careful review, the court finds plaintiff has failed to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6), against either Defendant Sharp or Chrisman in their individual capacities.

## CONCLUSION

For the foregoing reasons, Defendants Sharp and Chrisman's motion to dismiss (Docket No. 73) is **GRANTED** and plaintiff's motion to supplement original pleading (Docket No. 77) is **DENIED**.

**IT IS SO ORDERED** on this 7th day of August, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma