IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH Z. WOMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:14-cv-00385-JAR |
| | ) |
| JERRY CHRISMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Response in Opposition to Defendants' Motion and Brief in Support of Bill of Costs and Bill of Costs**

    Plaintiff Joseph Z. Womble (Plaintiff) requests that the Court exercise its discretion to deny the Defendants' Motion and Brief in Support of the Bill of Costs (Motion for Costs). (Docs. 206, 205.)

## INTRODUCTION

    Ten years ago, Plaintiff brought this lawsuit alleging constitutional violations from the unsanitary and inhumane conditions he was enduring at the Mack Alford Correctional Center (MACC). Despite being incarcerated for most of the decade that followed, Plaintiff worked diligently to keep his constitutional claims alive. Indeed, over the next ten years, Plaintiff patiently survived an onslaught of pre-discovery dispositive motions that allowed Defendants to avoid answering his complaint and, more importantly, avoid the discovery process. In 2023, after almost nine years of battling pre-discovery dispositive motions—including three trips to the Tenth Circuit—Defendants were finally ordered to answer his complaint and engage in discovery. During the long-awaited discovery period, Plaintiff was finally given the opportunity to depose Defendants about the allegations in his complaint. As a testament to his progress, Defendants also elected to take Plaintiff's deposition while he was incarcerated at James Crabtree Correctional Facility.

Despite his progress in discovery, Defendants filed their fourth dispositive motion earlier this year, seeking summary judgment based on qualified immunity. Last month, in a 38-page order, this Court granted Defendants' motion for summary judgment. While the Court found that Plaintiff's claims alleged violations of clearly established constitutional rights, the Court ultimately concluded that Plaintiff failed to demonstrate that Defendants violated his Eighth Amendment rights. Now, after a decade of litigation, Defendants levy more than $5,589.60 in deposition costs against Plaintiff—an indigent party—to discourage him from again appealing his case to the Tenth Circuit. Tactics aside, the Court should exercise its discretion and deny Defendants' Motion for Costs for three reasons. *First*, Plaintiff is indigent without any meaningful ability to earn income. *Second*, the issues decided in the Court's summary-judgment order were a close call under prevailing law. *Third*, and finally, Plaintiff was not awarded any damages in this case. Taken together, these factors weight heavily against granting Defendants' costs. Thus, the Court should exercise its discretion to deny the Plaintiffs' request for costs.

## LEGAL STANDARD

Rule 54(d) grants district courts "broad discretion" to deny an award of costs so long as the court provides a valid reason for doing so. *See Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). District courts should consider denying costs when the party opposing costs is indigent or the party seeking costs received only nominal damages. *Id*. Further, court have declined to impose costs on indigent plaintiffs who brought close but ultimately unsuccessful challenges to government actions. *See, e.g.*, *id.*; *Lucas v. Barnhart*, No. 20-cv-02055-NYW-SKC, 2023 WL 2528780, at *1 n. 3 (D. Colo. Mar. 15, 2023) (declining to impose costs on an "incarcerated litigant who was permitted to proceed *in forma pauperis*"); *Pinnock v. Bd. of Cnty. Comm'rs of Grant Cnty.*, No. 14-293 JCH/WPL, 2017 WL 4271411, at *1–2 (D.N.M. Feb. 28, 2017) (finding that "good cause exists here to excuse payments of costs due to Plaintiffs' indigence").

## ARGUMENT

Plaintiff does not challenge the amount of costs sought in Defendants' Motion for Costs. Nor does it challenge Defendants ability to recover such costs under Rule 54 and 28 U.S.C. § 1920. Instead, Plaintiff asks the Court to exercise its discretion to deny Defendants' Motion for

Costs based on Plaintiff's unique circumstances as in indigent party litigation close questions of constitutional law. Denial of Defendants' costs is supported by three primary reasons.

*First*, Plaintiff is indigent. Indeed, Plaintiff initiated this action ten years ago when he was incarcerated and has spent most of the decade since in state custody. As an indigent prisoner, the Court granted Plaintiff's motion to proceed *in forma pauperis* (IFP) in 2015. (*See* Doc. 118.) Now, while incarcerated at Joseph Harp Correction Center (JHCC), Plaintiff earns meager income. (*See* Decl. of J. Womble (Womble Decl.) ¶¶ 4–6.) Other than $15 per month for "gang pay," Plaintiff does not earn any income from any job or employment at JHCC. (*Id.* ¶¶ 4–6.) And though Plaintiff's offender accounts show approximately $9,525 from a modest personal injury settlement prior to his most recent incarceration, he does not possess any other cash or physical assets. (*Id.* ¶¶ 7–9.)

*Second*, this case's procedural posture and the evidence submitted on summary judgment reveal close and difficult issues. Since Plaintiff filed this lawsuit in 2014, the Tenth Circuit has twice revived Plaintiff's claims. On one appeal, which Plaintiff filed *pro se*, the Tenth Circuit held that Plaintiff alleged facts sufficient to sustain his constitutional claims that challenged the MACC's inadequate food and feces-covered restrooms. *Womble v. Chrisman*, 770 F. App'x 918, 924–925 (10th Cir. 2019) (unpublished). In the second appeal, the Tenth Circuit held that the MACC did not provide Plaintiff with a useable grievance process, so Plaintiff was excused from exhausting his administrative remedies. *Womble v. Chrisman*, No. 21-7015, 2022 WL 334107, at *4 (10th Cir. Feb. 4, 2022) (unpublished). On the most recent remand, Plaintiff supported his claims with 18 exhibits, including an expert report supporting his claim that he was malnourished. (Doc. 192 at 18). Plaintiff similarly submitted evidence that the MACC's restrooms were covered in feces and other human waste, rendering them constitutionally inadequate. (*Id.* at 23–24.) The Court ultimately granted summary judgment on Plaintiff's claims. (*See* Doc. 201.) But the Tenth Circuit's prior endorsement of Plaintiff's legal theories and evidence submitted by Plaintiff in support of his claims demonstrate that this case presents close issues of law and fact.

On indigency and close issues alone, a district court in the Tenth Circuit recently declined to impose costs on an inmate who unsuccessfully challenged the conditions of his confinement in

state prison. *Broadus v. Corr. Health Partners, Inc.*, No. 15-cv-0182-WJM-KLM, 2019 WL 859702, at *4 (D. Colo. Feb. 22, 2019). There, Mr. Broadus initially brought his challenge *pro se*, alleging that the state prison violated his constitutional rights when it denied his request to have medical care provided by an external provider. *Id*. at *1. After years of litigation, the district court ultimately granted summary judgment on Mr. Broadus' claims, and the state defendants moved for an award of costs. *Id*. Mr. Broadus argued that the motion for costs should be denied because he was indigent and his case presented close and difficult issues. *See id*.

Instructive here, the district agreed with Mr. Broadus that he was of limited financial means. Like Plaintiff, to establish his indigence, Mr. Broadus pointed to his motion to proceed IFP, which the court granted at the outset of the case. *Id*. Further, Broadus' income was similarly meager to Plaintiff's. *Id*. Indeed, Mr. Broadus submitted an affidavit stating that he earned $0.85 per day and had no other income. *Id*. And, like here, Mr. Broadus's affidavit clarified that the Court had appointed *pro bono* counsel to represent him.

That Mr. Broadus received a recent five-figure settlement did not sway the court's analysis. In arguing for its costs, the state highlighted that Mr. Broadus received $13,938.88 in a recent settlement and argued that this sum rendered Mr. Broadus "capable of paying" the state's costs. *Id*. But the court rejected the state's argument, noting that the settlement funds were Mr. Broadus' only savings and his income was meager, so he would need to rely on the settlement funds "for basic living needs for some period of time after his release." *Id*. The court found that even though Mr. Broadus had secured a settlement of nearly $14,000, Mr. Broadus' IFP status, supporting affidavit, and the appointment of *pro bono* counsel "confirm[ed] his limited financial ability." *Id*. The same reasoning applies here. Though Plaintiff maintains around $9,525 in his offender accounts that he received from a settlement after being struck by a drunk driver, (Womble Decl. ¶¶ 7–9), Plaintiff intends to use those limited funds to pay for his costs of living and to seek employment when he becomes parole eligible. (*Id*. ¶ 10). Because Plaintiff "remains in custody and will be heavily dependent on this comparatively modest sum for basic living needs for some period of time after his release," the Court should align with the *Broadus* court and affirm that Plaintiff is indigent. *Broadus*, 2019 WL 859702, at *3.

Moreover, the district court also agreed that, like here, Mr. Broadus' case presented close and difficult issues. Like Plaintiff, Mr. Broadus lost his case, but "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id*. at *2 (quoting *Basanti v. Metcalf*, No. 11-cv-02765-PAB-NYW, 2016 WL 879616, at *1 (D. Colo. Mar. 8, 2016)). And like in Plaintiff's case, the district court had to sift through expert testimony and a multifactor analysis to evaluate whether the state's conduct was constitutionally deficient. *Id.* For the *Broadus* court, the fact that this decision turned on expert testimony indicated that this issue was "close and difficult," even if the court ultimately sided with the state. *See id*. at *3.

The *Broadus* court is not alone; district courts across the Tenth Circuit have declined to impose costs on indigent plaintiffs who brought close but ultimately unsuccessful challenges to government actions. *See, e.g.*, *Lucas*, 2023 WL 2528780, at *1 n. 3 (declining to impose costs on an "incarcerated litigant who was permitted to proceed *in forma pauperis*"); *Pinnock*, 2017 WL 4271411, at *1–2 (finding that "good cause exists here to excuse payments of costs due to Plaintiffs' indigence"). Ultimately, because Plaintiff is indigent and his case presented close issues on summary judgment, the Court should follow *Broadus*' lead and deny Defendants' Motion for Costs.

Third, in addition to Plaintiff's indigence and the closeness of the issues decided on summary judgment, one more factor weighs against the imposition of costs: Plaintiffs did not receive any damages in this action. *See Cantrell*, 69 F.3d at 459 (noting that a district court can deny a motion for costs when the movant received only nominal damages). At bottom, the confluence of these three factors weighs against imposing costs on Plaintiff.

*    *    *

Plaintiff has spent the last decade fighting to remedy the conditions he endured at the MACC, twice succeeding on appeal. Litigating these close issues has come at a great expense to Plaintiff, who is himself an indigent inmate with little ability to earn an income. The Court should not further punish Plaintiff's attempt to vindicate his constitutional rights by imposing Defendants' costs on him.

5

WHEREFORE, Plaintiff respectfully requests the Court deny the Defendants' Motion for Costs and accompanying Bill of Costs.

Dated: July 23, 2024.                                Respectfully submitted,

*s/ Sean S. Cuff*
Sean S. Cuff, Colo. No. 54204
(admitted pro hac vice)
Brownstein Hyatt Farber Schreck, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Phone: 303.223.1100
Fax:  303.223.1111
scuff@bhfs.com

Julian R. Ellis, Jr., Colo. No. 47571
(admitted pro hac vice)
First & Fourteenth PLLC
2 N. Cascade Avenue, Suite 1430
Colorado Springs, CO 80903
Phone: 719.428.4937
julian@first-fourteenth.com

Abi Fain, OBA No. 31370
5338 E 26th Pl.
Tulsa, Oklahoma 74114
Phone: (918) 231-0324
abi.fain@outlook.com

*Attorneys for Plaintiff Joseph Z. Womble*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of July, 2024, I electronically filed a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION AND BRIEF IN SUPPORT OF BILL OF COSTS AND BILL OF COSTS** with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Stefanie E. Lawson, OBA#22422
Evan J. Edler, OBA#34269
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
evan.edler@oag.ok.gov

*Attorneys for Defendants Chrisman and Sharp*


Kari Hawkins
General Counsel
Oklahoma Department of Corrections
3400 N. Martin Luther King Avenue
Oklahoma City, OK 73111
Telephone: (405) 425-2515
Email: Kari.Hawkins@doc.ok.gov

*Counsel for the Oklahoma Department of Corrections*

                                      *s/ Kate M. Meade*
                                      Kate M. Meade, Paralegal