# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOSEPH Z. WOMBLE,            )
                             )
      Plaintiff,      )
                             )
v.                           )   Case No. CIV-14-385-JAR
                             )
JERRY CHRISMAN; and          )
TOMMY SHARP,                 )
                             )
      Defendants.    )

## O R D E R

This matter comes before the Court on Defendants' Motion for Bill of Costs (Docket Entry No. 206). Plaintiff initiated this civil rights action on September 8, 2014, alleging Defendants violated Plaintiff's rights under the Eighth Amendment of the United States Constitution as enforced through 42 U.S.C. § 1983. Defendants prevailed on summary judgment by Order entered June 12, 2014. (Doc. No. 202). Defendants request that they be awarded costs under 28 U.S.C. § 1920 as the prevailing parties in this action.

Specifically, Defendants seek the following:

- Transcript of deposition of Joseph Womble - $1,314.78

- Deposition of Jerry Chrisman - $1,959.04

- Deposition of Thomas Sharp - $2,315.78

Defendants state that these items were used directly in their summary judgment motion, thereby making them necessary and reasonable expenses recoverable under § 1920. For his part, Plaintiff does not contest the amount of the

costs nor that they are recoverable. (Doc. No. 213 at p. 2). He requests that this Court consider the protracted history of this case and his indigent status. The Court would note that the summary judgment ruling is on appeal to the Tenth Circuit Court of Appeals. Plaintiff asserts that the issues submitted on summary judgment "reveal close and difficult issues."

Fed. R. Civ. P. 54 (d)(1) provides that costs "should be allowed the prevailing party." The burden lies with the non-prevailing party to overcome the presumption that costs will be awarded. Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

In addressing Plaintiff's bases for not awarding costs, the Court would assert that Plaintiff is not indigent. While he is incarcerated, he currently possesses over $9,000.00 in his prison account. While he may have other plans for these funds, the fact remains that Defendants were forced to defend the claims asserted by Plaintiff and they prevailed. Plaintiff also contends the issues on summary judgment were "close." In fact, they were not that close. Many bordered on frivolous. Plaintiff has not sustained his burden in overcoming his responsibility for costs.

IT IS THEREFORE ORDERED that Defendants' Motion for Bill of Costs (Docket Entry No. 206) is hereby **GRANTED**. Defendants are awarded costs as specifically outlined herein in the total amount of $5,589.60.

IT IS SO ORDERED this 31st day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE